UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH PACKING COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TEAM ENTERPRISES, INC., a New Mexico corporation dba ONE HOUR MARTINIZING,<br><br>　　　　　Defendant. | 1:98-cv-6359 OWW SMS<br><br>ORDER AFTER SCHEDULING CONFERENCE<br><br>Further Scheduling Conference Date: 12/13/06<br>8:45 Ctrm. 3 |

I.   Date of Scheduling Conference.

　　August 16, 2006.

II.  Appearances Of Counsel.

　　Stoel Rives LLP by Lee N. Smith, Esq., appeared on behalf of Plaintiff.

　　Greben & Associates by Jan A. Greben, Esq., appeared on behalf of Defendant.

III. Summary of Pleadings.

　　1.   This case involves a lawsuit by Enoch, former owner of a shopping center (the "Property"), against its former tenant, Team.  Team operated a dry cleaning business on the Property and, through its operations, allegedly contaminated the Property.

1

Enoch alleges that it incurred response costs and diminution in the value in the sale price of the Property as a result of that contamination.

    2.    Enoch's causes of action include:

        a.    CERCLA contribution;
        b.    Liability under California Hazardous Substances Act;
        c.    Breach of contract;
        d.    Continuing trespass;
        e.    Continuing nuisance;
        f.    Permanent nuisance;
        g.    Negligence;
        h.    Negligence per se;
        I.    Waste;
        j.    Intentional interference with contractual relations;
        k.    Negligent interference with contractual relations;
        l.    Declaratory relief;
        m.    Mandatory injunction.

    3.    Enoch seeks judgment for:

        a.    Declaratory relief that Team is liable for the costs of remedying the release of hazardous substances on the Property.
        b.    Declaratory relief that the release of hazardous substances occurred solely due to actions by third parties and that Enoch is not liable for any costs of remedying same;
        c.    Award of removal and response costs;
        d.    Award of such other damages as may be provided by

law according to proof;

  e. Award of prejudgment interest on removal and response costs incurred;

  f. Award of attorney's fees, costs, and disbursements; and

  g. That the Court order Team to remediate the property as required by law.

 4. Team brought a motion to dismiss the first cause of action for cost recovery under CERCLA Section 7.  Enoch voluntarily dismissed without prejudice the first cause of action on March 18, 1999.  Team generally denies the allegations pertaining to any claimed liability on its part.

 5. Team'S causes of action in its counterclaim include:

  a. CERCLA contribution.

  b. Indemnity and contribution under California Hazardous Substance Act.

  c. Federal declaratory relief.

  d. Negligence.

  e. Negligence per se.

  f. Private nuisance.

  g. Nuisance per se.

  h. Equitable indemnity.

  i. Contribution.

  j. State declaratory relief.

  k. Trespass.

 6. Team seeks judgment for:

  a. Award of all response costs and costs incurred in investigation, removal, cleanup and remediation.

   b. Award of compensatory damages, including lost profits and economic loss, and diminution in value of Team'S business.

   c. Award of incidental and consequential damages.

   d. Award of prejudgment interest.

   e. Award of attorneys' fees and costs.

   f. Indemnification for any judgment rendered against Team.

   g. Contribution and/or indemnity from Enoch proportional to percentage of fault attributable to the parties.

   h. Declaratory relief that Team is entitled to indemnity and/or contribution from Enoch proportional to fault attributable to the parties.

 7. Enoch generally denies the allegations pertaining to any claimed liability on its part.

IV. Orders Re Amendments To Pleadings.

 1. The Bankruptcy Trustee for Plaintiff Enoch Packing Company reserves the right to redesignate the status and capacity of the Plaintiff. The parties, otherwise, do not anticipate filing any amendments to the pleadings at this time.

V. Factual Summary.

 A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

  1. Team and Enoch had a continuous lease agreement at the property from 1972, until the Property was sold in 1999.

  2. Team operates a dry cleaning facility on the property that may or may not be currently using PCE.

  3. Team used perchloroethylene (PCE) in its business

4

1 operations at the Property.
2     4.   There is PCE contamination located in the soil surrounding the Property.
3     5.   Enoch sold the Property to a third party in 1999.
4     6.   It has not been deemed necessary to remove any of the remaining PCE contamination from the soil surrounding the site.

  B.  Contested Facts.

    1.   The liability of Team and/or Enoch.

    2.   Whether or not the original or subsequent sale of the property by Enoch was affected by the contamination.

    3.   Whether Team and/or Enoch caused or contributed to the contamination.

    4.   Whether Team breached its lease by causing contamination and/or failing to add Enoch to its insurance as an additional insured as required thereunder.

VI.  Legal Issues.

  A.  Uncontested.

    1.   Jurisdiction exists under 28 U.S.C. § 1331.

    2.   Venue is proper under 28 U.S.C. § 1391(b).

    3.   The parties agree that for supplemental claims, the substantive law of the State of California provides the rule of decision.

  B.  Contested.

    1.   All legal issues, including the extent of the claims associated with contamination, allocation and responsibility for liability, and the amount of damages, if any, are all in dispute.

5

**VII. Consent to Magistrate Judge Jurisdiction.**

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII.    Corporate Identification Statement.**

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.    Discovery Plan and Cut-Off Date.**

    1.   The parties are going to jointly endeavor, through mediation or alternate dispute resolution, to resolve this case. Therefore, a further scheduling conference is set for December 13, 2006, at 8:45 a.m. in Courtroom 3.

    2.   If the parties believe it will assist them, the Court will provide the auspices of the Magistrate Judge to assist in the settlement process.  If the parties wish the assistance of the Magistrate Judge, they are to notify the Courtroom Deputy Clerk, who will arrange a date convenient with Magistrate Judge Snyder's schedule.

IT IS SO ORDERED.

**Dated:   August 17, 2006**              /s/ Oliver W. Wanger
emm0d6                           UNITED STATES DISTRICT JUDGE